MIKE ARIAS, SBN 115385
ALEX BALLARD, SBN 350789
**ARIAS SANGUINETTI WANG**
  **& TEAM LLP**
6701 W. Center Dr., Suite 1400
Los Angeles, California 90045
Telephone: (310) 806-0154
Facsimile: (310) 861-0168
Email: Mike@aswtlawyers.com
Email: Alex@aswtlawyers.com
Email: LAService@aswtlawyers.com

DENISSE O. GASTÉLUM, SBN 282771
**GASTÉLUM LAW, APC**
3767 Worsham Ave.
Long Beach, California 90808
Telephone: (213) 340-6112
Facsimile: (213) 402-8622
Email: dgastelum@gastelumlaw.com

Attorney for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER, and LOUETTA BRAGA

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ROCKY ROMER, by and through successors in interest; ROGER ROMER, individually and as successor in interest; LOUETTA BRAGA, individually and as successor in interest,<br><br>        Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SAN BERNARDINO, a public entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, inclusive,<br><br>        Defendants. | ) CASE NO.<br>)<br>) **COMPLAINT FOR DAMAGES**<br>)<br>)<br>) 1.  Fourth Amendment Violation –<br>)     Unreasonable Search and Seizure<br>)     (42 U.S.C. § 1983)<br>) 2.  Fourteenth Amendment Violation – Due<br>)     Process (42 U.S.C. § 1983)<br>) 3.  Fourteenth Amendment Violation –<br>)     Deprivation of the right to Familial<br>)     Relationship with Decedent (42 U.S.C. §<br>)     1983)<br>) 4.  Municipal Liability for Inadequate<br>)     Training (*Monell*, 42 U.S.C. § 1983)<br>) 5.  Assault and Battery<br>) 6.  Wrongful Death<br>) 7.  Violation of California Civil Code § 52.1<br>)     (Tom Bane Act)<br>)<br>)   **DEMAND FOR JURY TRIAL**<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs ESTATE OF ROCKY ROMER, by and through successors in interest; ROGER ROMER, individually and as successor in interest; and LOUETTA BRAGA, individually and as successor in interest, (hereinafter collectively "Plaintiffs") and allege as follows:

## **I.**

## **INTRODUCTION**

1.      This civil rights action seeks to establish the violations of fundamental civil rights under the United States Constitution in connection with the death of Rocky Romer on April 17, 2022.

2.      Rocky Romer was a 36-year-old loving son, brother, and uncle who wanted nothing more in the world than to take care of his family.  His death has been a profound and unimaginable loss to his parents – the present Plaintiffs – along with his friends, siblings, nieces, and nephews.

3.      Without reasonable cause, the San Bernardino County Sheriff's Department undertook a deliberate and intentional course of conduct which led to the death of Rocky Romer (hereinafter "Rocky").  Rocky had not committed a crime, had not threatened any Sheriff personnel, had not attempted to flee or escape, and had not threatened any bystanders.  There was no immediate need to subdue him nor was his death preceded by any imminent emergency or exigent circumstances which called for the storming of his vehicle by overzealous and out-of-control deputies of the San Bernardino County Sheriff's Department.  Yet, the Sheriff's Department undertook a siege of Rocky's vehicle, deploying dozens of sheriff deputies and summoning the Special Weapons and Tactics ("SWAT") unit to intervene to kill Rocky. Without reasonable cause, the Sheriff's Department and its SWAT unit deployed concussion bombs and pumped numerous rounds of chemical agents into the confined truck cabin where Rocky sought refuge.  These deliberate, callous and reckless actions of the

defendants constituted an unreasonable use of force which created a situation that resulted in Rocky's death.

4.     The violent militarized police force carried out by the present defendants in response to a minor service call was a senseless and unwarranted act of police abuse.

## II.

## JURISDICTION AND VENUE

5.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the COUNTY OF SAN BERNARDINO, California, which is in the geographic and legal jurisdiction of this court.

7.     With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## III.

## PENDANT CLAIMS

8.     Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

9.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

///

///

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# IV.

## PARTIES

### A. Plaintiffs

10.    At all relevant times, Rocky Romer (hereinafter "decedent" or "Rocky") was an individual residing in San Bernardino County, California. The claims made by the ESTATE OF ROCKY ROMER, are brought by his father, ROGER ROMER, and his mother LOUETTA BRAGA, the successors in interest to the ESTATE OF ROCKY ROMER pursuant to California Code of Civil Procedure § 377.32.

11.    Plaintiff ROGER ROMER (hereinafter "Roger") is and was, at all times relevant hereto, a resident of the County of Mecklenburg, State of Virginia, and is the father of decedent Rocky Romer.

12.    Plaintiff LOUETTA BRAGA is and was, at all rimes relevant hereto, a resident of the County of San Bernardino, and was the natural mother of decedent Rocky Romer.

### B. Defendants

13.    Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also "SBCSD" or "Sheriff's Department"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including SBCSD employees, complied with the laws and the Constitutions of the United States and of the State of California.

14.    At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of Defendant COUNTY, and is sued in their individual capacity.

---

4

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

15.     On information and belief, at all relevant times, DOES 1 through 10, inclusive, were residents of San Bernardino County, California.

16.     The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitious named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

17.     Defendant DOES 6 through 10 were also duly appointed deputies, sergeants, lieutenants, detectives, or other officers, officials, executives and/or policymakers of the Sheriff's Department, a department and subdivision of Defendant COUNTY, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

18.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control. Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege

such name and responsibility when that information is ascertained. Each of the Defendants is the agent of the other.

## V.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

20.     On April 17, 2022, Rocky Romer was pronounced dead after a full-scale militarized assault of his vehicle by San Bernardino County Sheriff's Department sheriff's deputies and tactical force personnel in response to a minor service call.

21.     On the morning of April 17, 2022, Mr. Romer and his girlfriend had an argument at his girlfriend's home. Upset by this encounter with his girlfriend, Mr. Romer left the home and entered his vehicle parked in the driveway in front of the home.

22.     Mr. Romer's girlfriend called 911 and calmly reported the incident. Upon information and belief, Mr. Romer's girlfriend denied any violence had occurred that evening when questioned by the dispatcher, as none had occurred.  A SBCSD patrol unit was dispatched to the home of Rocky's girlfriend.

23.     Upon information and belief, when questioned by the arriving SBCSD sheriff's deputies, Mr. Romer's girlfriend made it unequivocally clear that the incident was nonviolent.

24.     The responding SBCSD sheriff's deputies proceeded to make contact with Mr. Romer who was sitting inside his vehicle.  The SBCSD sheriff's deputies began to question Mr. Romer.  In response, and in compliance with the sheriff's deputies' requests, Mr. Romer responded to their questions while remaining in his vehicle.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

25. After an appreciable amount of time elapsed, and after Mr. Romer continued to answer the SBCSD sheriff's deputies' questions, Mr. Romer asked that the deputies leave and stop harassing him.

26. SBCSD sheriff's deputies, including Defendant DOES 1 through 10, learned that Mr. Romer was the lawful owner of one firearm which was kept in his vehicle.

27. In violation of Rocky Romer's Fourth Amendment Rights, and Due Process Rights afforded under the Fourteenth Amendment, Defendant DOES 1 through 10 undertook a deliberate and intentional course of conduct which resulted in Mr. Romer's death. Defendant DOES 1 through 10 wrongfully and/or negligently declared Rocky to be barricaded and undertook a siege of Mr. Romer's vehicle.

28. Defendant DOES 1 through 10, wrongfully, negligently and maliciously summoned the San Bernardino County Sheriff's Department Special Weapons and Tactics ("SWAT") Team. These Defendants undertook a further siege of Mr. Romer's vehicle. These Defendants learned that Mr. Romer had not committed any crime for which a full-scale militarized assault of Mr. Romer's vehicle was warranted. Despite this, the SWAT Team undertook plans for such an assault and carried out such plans. These Defendants knew or should have known that the ultimate outcome of such a violent confrontation would be that Mr. Romer would be seriously injured or killed.

29. During the confrontation, Mr. Romer's sister approached Defendant DOES 1 through 10.  Mr. Romer's sister requested that the situation be deescalated and expressed her concerns.  Mr. Romer's sister was dismissed by Defendant DOES 1 through 10.

30. The personnel accompanying the SBCSD SWAT Team and the sheriff's deputies, including DOE Defendants 1 through 10, numbered dozens of peace officers all of whom were surrounding Mr. Romer's vehicle.  This vast militarized police force utilized military equipment, including a military assault vehicle, concussion bombs,

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1  and chemical agents to break through the rear window of Mr. Romer's vehicle,
2  causing damage to the vehicle and contents therein.

3      31.    At no time relevant hereto did Mr. Romer commit any crime, make any
4  threats against personnel from the SBCSD, or make any statements or commit any
5  actions which indicated that it was his intent to harm members of the tactical force
6  units or the SBCSD or anyone else. Yet, through the concerted efforts of Defendant
7  DOES 1 through 10, including the assisting SBCSD sheriff's deputies and their
8  supervisors, a full-scale militarized assault ensued upon Mr. Romer's vehicle.

9      32.    Defendant DOES 1 through 10 knew that Mr. Romer was trapped in a
10 confined vehicle and that he had no means of escape. They knew or should have
11 known that there was no pressing danger or urgency which required them to enter the
12 vehicle. They knew that Mr. Romer would eventually exit the vehicle and that they
13 could and would take him into custody safely. They knew that all they had to do was
14 wait. Time was not "of the essence" as there was no pending or developing risk to life.
15 There was no reasonable need to use Oleoresin Capsicum peppery spray, tear gas, or
16 any other chemical agent.

17     33.    Despite this, they formulated a plan for a tactical assault upon Mr.
18 Romer's vehicle.

19     34.    Despite this, Defendant DOES 1 through 10 launched canisters of tear
20 gas and/or other chemical agents into the confined vehicle quarters.

21     35.    They knew and intended that such tactics would cause Mr. Romer to
22 suffer great physical and emotional pain and suffering. They knew or should have
23 known that the effect of the concentrated tear gas, under the confined circumstances,
24 would immobilize Mr. Romer and kill him in an agonizing and painful way as the
25 effects of this gas cocktail took effect.

26     36.    They knew that these effects would include eye pain, a burning sensation
27 in the throat and nose, increased nasal secretions, chest tightness, sneezing, coughing,

28

8

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

retching, ocular pain, watering and blurred vision, nasal pain, irritation and sneezing, oral pain, ulceration, excessive salivation, throat irritation, burning and pain, respiratory pain, shortness of breath, chest tightness, uncontrollable coughing and wheezing, gastrointestinal pain, discomfort and retching, a loss of consciousness, and skin peeling or rash. They knew that because of the tight and closed quarters Mr. Romer sought refuge in and because of the great fear he expressed of the police, he would likely die from the effects of the gas cocktail.

37.    Defendant DOES 1 through 10 proceeded to carry out their plan to kill Mr. Romer by pumping tear gas cocktail into the close-quartered vehicle knowing that the gases would kill him or that he would kill himself as a result of the extreme pain and anguish that the gases would cause. The expected effects of the gases immediately came to fruition once they were pumped into the vehicle. Because Mr. Romer suffered great and unbearable physical and mental anguish from the gases and because he was unable to leave the vehicle which soon became a gas chamber, he took his own life with a single gunshot to his head.  The San Bernardino County Sheriff's Department's end goal was unfortunately achieved.

38.    Rocky Romer was a loving son, brother and uncle.  Rocky's father and mother, the present Plaintiffs, enjoyed a strong and meaningful relationship with Rocky that was full of love.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# VI.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment Violation – Unreasonable Search and Seizure

### (42 U.S.C. § 1983)

### By Plaintiff ESTATE OF ROCKY ROMER

### As Against DOE Defendants 1 through 10

39.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

40.     Defendants' actions described herein violated Rocky Romer's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Rocky Romer to unreasonable searches and seizures of his person and vehicle.

41.     At the time of Rocky Romer's death, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendants DOES 1 through 10 or anyone else. The full-scale militarized assault of the Romer vehicle, including the unauthorized, unwarranted and reckless entry into the Romer vehicle, the deployment of concussion bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge, recklessly created an unconstitutional provocation leading to the death of Rocky Romer.  Such conduct was unreasonable under the circumstances in every respect and was undertaken intentionally and recklessly by these Defendants.

42.     These actions violated Rocky Romer's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

43.     During the deployment of the concussion bombs and the numerous rounds of OC and CS gas into the confined vehicle quarters, Rocky Romer endured great physical and emotional pain and suffering.

44.     The actions of said defendants also caused meaningful and significant damage to Rocky Romer's vehicle, furnishings and other possessions contained therein.

45.     Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

46.     The unauthorized, unwarranted and reckless entry into Rocky Romer's vehicle, the deployment of concussion bombs and numerous rounds of toxic gases, and the prolonged full-scale militarized assault of the Romer vehicle was willful and done with a deliberate disregard for the rights and safety of Rocky Romer, and therefore warrants the imposition of punitive damages as to Defendants DOES 1 through 10.

47.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs herein, sustained injuries and damages.

48.    The conduct of Defendants DOES 1 through 10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY and SBCSD.

49.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# VII.

## SECOND CLAIM FOR RELIEF

### Fourteenth Amendment Violation – Substantive Due Process

### (42 USC § 1983)

### By Plaintiff ESTATE OF ROCKY ROMER

### As Against DOE Defendants 1 through 10

50.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

51.     The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

52.     Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 848 n. 8.  Government officials may not engage in wrongful conduct causing a person to suffer a mental condition in which the person cannot control his/her suicidal impulses.  *Soto v. City of Sacramento*, 567 F. Supp. 662, 694 (E.D. Cal. 1983).

53.     Defendants' actions described herein violated Rocky Romer's rights under the Fourteenth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by depriving Rocky Romer of bodily integrity when Defendants DOES 1 through 10's engaged in willful and wrongful conduct causing Rocky Romer to suffer an uncontrollable impulse to kill himself.

12

54.    At the time of Rocky Romer's death, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendants DOES 1 through 10 or anyone else. The full-scale militarized assault of the Romer vehicle, including the unauthorized, unwarranted and reckless entry into the Romer vehicle, the deployment of concussion bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge, recklessly created an unconstitutional provocation leading to the death of Rocky Romer.  Such conduct was unreasonable under the circumstances in every respect and was undertaken intentionally and recklessly by these Defendants.

55.    Defendants DOES 1 through 10's conduct clearly shocks the conscience in violation of Plaintiff's Fourteenth Amendment rights.

56.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs herein, sustained injuries and damages.

57.    The conduct of Defendants DOES 1 through 10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY and SBCSD.

58.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# VIII.

## THIRD CLAIM FOR RELIEF

**Fourteenth Amendment Violation – Deprivation of the Right to Familial**

**Relationship with Decedent**

**(42 U.S.C. § 1983)**

**By Plaintiffs ROGER ROMER AND LOUETTA BRAGA**

**As Against DOE Defendants 1 through 10**

59.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

60.     The aforementioned acts and/or omissions of Defendants DOES 1 through 10 in depriving Rocky Romer's bodily integrity as protected under the Fourteenth Amendment by engaging in willful and unconstitutional conduct causing Rocky Romer to suffer an uncontrollable impulse to kill himself, violating Rocky Romer's constitutional rights, and their failure to train, supervise, and/or take other appropriate measures to prevent the acts and/or omissions that caused the untimely and wrongful death of Rocky Romer deprived Plaintiffs ROGER ROMER and LOUETTA BRAGA of their liberty interests in the parent-child relationship in violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

61.     All of the acts of Defendants DOES 1 through 10 and the persons involved were done under color of state law.

62.     The acts and omissions of each Defendant deprived Plaintiffs ROGER ROMER and LOUETTA BRAGA of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a parent-child relationship with decedent Rocky Romer without due process of law.

63.     As a direct and proximate result of Defendants' conduct, the civil rights of decedent Rocky Romer, as protected by the Fourteenth Amendment of the United

14

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

States Constitution were violated.  Further, decedent Rocky Romer experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

64.     Defendants subjected Decedent to their wrongful conduct, depriving decedent Rocky Romer of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent Rocky Romer and others would be violated by their acts and/or omissions.

65.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

66.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

67.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

IX.

**FOURTH CLAIM FOR RELIEF**

**Municipal Liability for Inadequate Training**

**(*Monell*, 42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF ROCKY ROMER As Against Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

68.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

69.     Based on information and belief, on and before April 17, 2022 and prior to the death of Rocky Romer resulting from the SBCSD's full-scale militarized assault of his vehicle, Defendant COUNTY OF SAN BERNARDINO and DOES 1 through 10 were aware that the involved sheriff's deputies, including the members of SWAT Team, had not received proper and necessary training in responding to minor service

15

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

calls pertaining to domestic disputes and effectively dealing with individuals who are in a crisis, including safely defusing anxious and hostile behavior; deciphering when behavior escalates; reinforcing preventative techniques and practicing the principles of non-harmful physical intervention.

70.     Defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed the SBCSD sheriff's deputies and responding SWAT units to respond to minor service calls in the COUNTY OF SAN BERNARDINO without proper training in the handling of such calls.  The Defendants knew that such untrained deputies would escalate minor services calls by creating violent confrontations leading to injury or death.

71.     By reason of the aforementioned acts and omissions, Rocky Romer lost his life.

72.     Therefore, despite the resounding need for improved or further training, both in general and with respect to Defendants DOES 1 through 10, inclusive, Defendants COUNTY and SBCSD have allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within their respective work forces, thereby substantially causing the present Plaintiff, and countless others like decedent Rocky Romer, to suffer extensive and irreversible violations of their civil rights, including but not limited to the freedom from unreasonable search and freedom to be free from unconscionable governmental action.

73.     Clearly, Defendants COUNTY and SBCSD have shown a conscience-shocking level of deliberate indifference to the manifest, systemic consequences of the referenced training failures and other departmental shortcomings. These training

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

failures directly produced the incompetence and impropriety of Defendants DOES 1 through 10, inclusive, by which the present Plaintiff's civil rights were violated.

74.     Accordingly, the training failures of the Defendants COUNTY and SBCSD are so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it. Therefore, the Defendants COUNTY and SBCSD must be regarded as similarly liable for all claims raised herein against its employees, agents, or representatives under 42 U.S.C. § 1983.

75.     As a direct and proximate result of Defendants COUNTY and SBCSD acts and/or omissions as set forth above, Rocky Romer lost his life.

76.     Accordingly, Defendants COUNTY and SBCSD's failure to train its employees is so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it.

77.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## X.

## FIFTH CLAIM FOR RELIEF

### Assault and Battery

**By Plaintiff ESTATE OF ROCKY ROMER As Against Defendants COUNTY OF SAN BERNARDINO and DOE Defendants 1 through 10**

78.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

79.     This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

80.     By virtue of the foregoing, Defendants DOES 1 through 10, and various other SBCSD personnel, including the responding SWAT unit, assaulted and battered Rocky Romer, as pleaded herein above, by and through the deployment of concussion

17

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge. These actions were undertaken at the direction and under the supervision of Defendants DOES 1 through 10.

81.     These Defendants, and each of them, assaulted and battered Rocky Romer, as pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the person of Rocky Romer by unreasonably and unjustly deploying concussion bombs at his person and by pumping numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge.

82.     These acts were undertaken by Defendants and DOES 1 through 10, intentionally and without justification.

83.     As a result of these deliberate and unjustified acts undertaken by these Defendants, and each of them, Rocky Romer endured great physical and emotional pain and suffering.

84.     These deliberate and unjustified acts undertaken by these Defendants, and each of them, were willful and done with a deliberate disregard for the rights and safety of Plaintiffs and, therefore, warrant the imposition of punitive damages as to these Defendants.

85.     Defendants COUNTY OF SAN BERNARDINO and DOES 1 through 10 are liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of *respondeat superior*, codified at California Government Code § 815.2.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# XI.

## SIXTH CLAIM FOR RELIEF

### Wrongful Death

### By Plaintiffs ROGER ROMER AND LOUETTA BRAGA As Against

### Defendants COUNTY OF SAN BERNARDINO and

### DOE Defendants 1 through 10

86.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

87.     This cause of action arises under the general laws and Constitution of the State of California, including California Government Code §§ 815.2 and 820.

88.     Defendants DOES 1 through 10, while working as sheriff deputies, supervisors and personnel of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, and acting within the course and scope of their duties, employed negligent tactics and intentionally and/or without due care initiated a full-scale militarized assault of decedent Rocky Romer's vehicle, including the unauthorized, unwarranted and reckless entry into decedent Rocky Romer's vehicle, the deployment of concussion bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge, recklessly created a provocation leading to the death of Rocky Romer.  These acts resulted from said Defendants' unsafe and negligent pre-shooting tactics as well as their unauthorized, unwarranted and reckless entry into Rocky Romer's vehicle, and the careless, wrongful and excessive use of chemical agents under the circumstances at the time of their confrontation with Rocky Romer. As a result of these intentional acts and/or negligence, Rocky Romer suffered serious injuries and lost his life.  The Defendants, and each of them, had no legal or reasonable justification for their actions or subjective belief that such force was lawful.

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

89.     As a direct and proximate result of the conduct of Defendants, as alleged above, Rocky Romer suffered serious injuries and lost his life.  Plaintiffs ROGER ROMER and LOUETTA BRAGA have been deprived of the life-long comfort, society, support and care of Rocky Romer, and will continue to be so deprived for the remainder of their natural lives.  Said Plaintiffs were further forced to pay funeral and burial expenses as a result of the conduct of Defendants.

90.     Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendants DOES 1 through 10, pursuant to California Government Code § 815.2, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him to liability.

91.     These Defendants, and each of them, received inadequate training from the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT in the proper use of chemical agents and tactics, including the proper and safe tactics for dealing with suspects that are mentally or emotionally unstable, emotionally distraught and otherwise psychologically incapacitated.  As a direct and proximate result of this failure to provide such adequate use of chemical agents and tactics training to Defendants the death of Rocky Romer resulted, causing Plaintiffs ROGER ROMER and LOUETTA BRAGA the losses and injuries herein complained of.

92.     At no time, either prior to the employment of Defendants or to the assignment of these Defendants to duties whereby it was foreseeable that said Defendants would be required to respond to service calls, utilize chemical agents and/or confront barricaded suspects suffering from emotional instability,  did Defendants DOES 6 through 10 take reasonable steps to ascertain whether these Defendants were psychologically capable of performing such duties and whether they had a propensity towards violence or toward over-reaction in typical encounters with the public.  To the contrary, Defendants DOES 6 through 10 were aware of various

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

instances where these Defendants unnecessarily and recklessly engaged in such behavior, as pleaded herein.  Despite knowledge of such propensity, Defendants DOES 6 through 10 failed to take action to discipline or train these Defendants to correct this propensity.  Instead, Defendants DOES 6 through 10 carelessly allowed these Defendants to continue to encounter members of the public in the course of their duties.  As a direct and proximate result of this failure to use due caution and care in the selection, training, and retention of these Defendants, Rocky Romer lost his life, causing Plaintiffs ROGER ROMER and LOUETTA BRAGA the losses and injuries complained of herein.

93.    Defendants DOES 6 through 10 also negligently retained these Defendants when it was known or should have been known by DOES 6 through 10that said Defendants had on prior occasions created violent confrontations leading to serious injury or death.

94.    Said policies, procedures, customs and practices also called for Defendants DOES 6 through 10 not to meaningfully discipline, prosecute or in any way deal with or respond to known incidents, complaints, and instances of the deliberate and reckless creation of violent confrontations by sheriff deputies and various other personnel, including the SWAT unit, of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT.

95.    Other systemic deficiencies which indicated, and continue to indicate, a careless and negligent disregard by Defendants DOES 6 through 10 to the violations of the civil rights by the sheriff deputies, and various other personnel, including the SWAT unit, of the SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, include:

a.    preparation of investigative reports designed to vindicate the unlawful entries of vehicles and the use of chemical agents, regardless of whether such acts were justified,

21

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

b.    preparation of investigative reports which uncritically rely solely on the word of sheriff deputies involved in the aforementioned confrontations and which systematically fail to credit testimony by non-sheriff witnesses,

c.    preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the involved sheriff deputies,

d.    issuance of public statements exonerating deputies and other personnel involved in such incidents prior to the completion of investigations of such incidents, and,

e.    failing to enact and implement training as to the safe handling of suspects who are mentally or emotionally unstable, emotionally distraught and otherwise psychologically incapacitated.

96.    Said negligent customs and practices of Defendants DOES 6 through 10 evidenced a deliberate indifference to the unauthorized, unwarranted and reckless entry into vehicle of private citizens, use of chemical agents, and the creation of violent confrontations leading to injuries and/or death by the failure to change, correct, revoke, or rescind said customs and practices, and tactic and weapons training in light of prior knowledge by said Defendants of indistinguishably similar incidents of contact with persons who are mentally or emotionally unstable,  emotionally distraught and otherwise psychologically incapacitated where tactics and chemical agents use caused death or serious bodily injury to such persons.

97.    The foregoing acts, omissions, and systemic deficiencies are practices and customs of Defendants DOES 6 through 10 caused Defendants DOES 1 through 10, to be unaware of the rules and laws governing permissible responses to service calls, entries into vehicles, and/or use of chemical agents while on duty and to believe that such acts are entirely within the discretion of the deputy and that improper and

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

abusive police tactics would not be honestly and properly investigated, all with the foreseeable result that Defendants' deputies would escalate minor services calls by creating violent confrontations leading to injury or death, thereby violating the civil rights of the citizens of this state.

98.    As a result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, customs and practices of Defendants DOES 6 through 10, Defendants DOES 1 through 10, without justification, created the violent confrontation which resulted in the death of Rocky Romer.

99.    As a further result of the aforementioned negligent and intentional acts, omissions, systematic deficiencies, customs and practices of Defendants DOES 6 through 10, Plaintiffs, ROGER ROMER and LOUETTA BRAGA have lost the love, affection, society, support and moral support of Rocky Romer.

## XII.

## SEVENTH CLAIM FOR RELIEF

**Violation of California Civil Code § 52.1 (Tom Bane Act)**

**By Plaintiff Estate of Rocky Romer As Against Defendants COUNTY OF SAN BERNARDINO and DOE Defendants 1 through 10**

100.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

101.    This cause of action arises under the general laws and Constitution of the State of California, including California Civil Code § 52.1 and California Government Code §§820 and 815.2.  Plaintiff Estate of Rocky Romer, has complied with the California Tort Claims Act requirements.

102.    As a result of the conduct of Defendants DOES 1 through 10, by the use of threats, intimidation, and coercions, interfered with Plaintiff Estate of Rocky Romer's exercise and enjoyment of the rights secured by the United States

Constitution and other Federal laws, the Constitution and laws of the State of California, and their rights under California Civil Code § 52.1.

103.   On or about April 17, 2022, these Defendants, and each of them, undertook a deliberate and intentional plan to wrongfully and unlawfully punish Rocky Romer for asserting his rights under the Fourth Amendment to be free from unreasonable searches and seizures, and rights under the Fourteenth Amendment to be free from government deprivation to his bodily integrity.

104.   Defendants' actions as alleged herein violated Plaintiff Estate of Rocky Romer's constitutional rights against unreasonable searches and seizures and against deprivation of bodily integrity, all of which are protected by the Constitution of the State of California.

105.   As a proximate result of the acts of these Defendants, and each of them, Rocky Romer was made to lose his life without cause or justification.

106.   All of the above acts and omissions of these Defendants, and each of them, were wilful, wanton, malicious and oppressive, thereby justifying the awarding of exemplary and punitive damages as to said Defendants.

107.   Defendants, and each of them, for the respective acts and violations pleaded herein above, are liable to Plaintiff Estate of Rocky Romer for damages, penalties and attorneys' fees as provided in California Civil Code § 52.1.

## XIII.
## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.   Wrongful death of Rocky Romer, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

B.  Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

C.  Rocky Romer's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq.;

D.  Violation of Rocky Romer's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq. and federal civil rights law;

E.  Rocky Romer's loss of life, pursuant to federal civil rights law;

F.  Rocky Romer's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.  General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.  Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.  Punitive damages as to individual peace officer defendants;

J.  Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.  A multiplier of damages, including treble damages, and penalties under the Tom Bane Act;

L.  Interest; and

M.  All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

/ / /

Dated: April 12, 2024

**GASTÉLUM LAW, APC**

By: _____

Denisse O. Gastélum, Esq.
Attorney for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER,
and LOUETTA BRAGA

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

COME NOW Plaintiffs ESTATE OF ROCKY ROMER, by and through successors in interest; ROGER ROMER, individually and as successor in interest; LOUETTA BRAGA, individually and as successor in interest, and hereby demand for a trial by jury.

Dated: April 12, 2024          **GASTÉLUM LAW, APC**

By: _Denisse O. Gastélum_

Denisse O. Gastélum, Esq.
Attorney for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER,
and LOUETTA BRAGA

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**