Denisse O. Gastélum, SBN 282771
Selene Estrada-Villela, SBN 354994
**GASTÉLUM LAW, APC**
3767 Worsham Ave.
Long Beach, California 90808
Tel: (213) 340-6112
Fax: (213) 402-8622
Email: dgastelum@gastelumfirm.com
        sestradavillela@gastelumfirm.com

Christian Contreras, SBN 330269
Email: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorney for Plaintiffs,
ESTATE OF ROCKY ROMER,
ROGER ROMER, and LOUETTA BRAGA

# UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ROCKY ROMER, by and through successors in interest; ROGER ROMER, individually and as successor in interest; LOUETTA BRAGA, individually and as successor in interest, <br><br>          Plaintiffs, <br><br>     v. <br><br> COUNTY OF SAN BERNARDINO, a public entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; and DOES 1 through 10, inclusive, <br><br>          Defendants. | **CASE NO.: 5:24-cv-00777-KK-DTB** <br><br> **SECOND AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment Violation – Unreasonable Search and Seizure (42 U.S.C. § 1983) <br> 2. Fourteenth Amendment Violation – Due Process (42 U.S.C. § 1983) <br> 3. Fourteenth Amendment Violation – Deprivation of the right to Familial Relationship with Decedent (42 U.S.C. § 1983) <br> 4. Municipal Liability for Inadequate Training (*Monell*, 42 U.S.C. § 1983) <br><br> **DEMAND FOR JURY TRIAL** |

1

## **COMPLAINT FOR DAMAGES**

2

COME NOW Plaintiffs ESTATE OF ROCKY ROMER, by and through

3

successors in interest; ROGER ROMER, individually and as successor in interest;

4

and LOUETTA BRAGA, individually and as successor in interest, (hereinafter

5

collectively "Plaintiffs") and allege as follows:

6

## **INTRODUCTION**

7

1.      This civil rights action seeks to establish the violations of fundamental

8

civil rights under the United States Constitution in connection with the death of

9

Rocky Romer on April 17, 2022.

10

2.       Rocky Romer was a 36-year-old loving son, brother, and uncle who

11

wanted nothing more in the world than to take care of his family.  His death has been

12

a profound and unimaginable loss to his parents – the present Plaintiffs – along with

13

his friends, siblings, nieces, and nephews.

14

3.      Without reasonable cause, the San Bernardino County Sheriff's

15

Department undertook a deliberate and intentional course of conduct which led to the

16

death of Rocky Romer (hereinafter "Rocky").  Rocky had not committed a crime, had

17

not threatened any Sheriff personnel, had not attempted to flee or escape, and had not

18

threatened any bystanders.  There was no immediate need to subdue him nor was his

19

death preceded by any imminent emergency or exigent circumstances which called

20

for the storming of his vehicle by overzealous and out-of-control deputies of the San

21

Bernardino County Sheriff's Department.  Yet, the Sheriff's Department undertook a

22

siege of Rocky's vehicle, deploying dozens of sheriff deputies and summoning the

23

Special Weapons and Tactics ("SWAT") unit to intervene to kill Rocky. Without

24

reasonable cause, the Sheriff's Department and its SWAT unit deployed concussion

25

bombs and pumped numerous rounds of chemical agents into the confined truck

26

cabin where Rocky sought refuge.  These deliberate, callous and reckless actions of

27

the defendants constituted an unreasonable use of force which created a situation that

28

resulted in Rocky's death.

4.      The violent militarized police force carried out by the present defendants in response to a minor service call was a senseless and unwarranted act of police abuse.

## JURISDICTION AND VENUE

5.      This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in the COUNTY OF SAN BERNARDINO, California, which is in the geographic and legal jurisdiction of this court.

## PARTIES

### A. Plaintiffs

7.      At all relevant times, Rocky Romer (hereinafter "decedent" or "Rocky") was an individual residing in San Bernardino County, California. The claims made by the ESTATE OF ROCKY ROMER, are brought by his father, ROGER ROMER, and his mother LOUETTA BRAGA, the successors in interest to the ESTATE OF ROCKY ROMER pursuant to California Code of Civil Procedure § 377.32.

8.      Plaintiff ROGER ROMER (hereinafter "Roger") is and was, at all times relevant hereto, a resident of the County of Mecklenburg, State of Virginia, and is the father of decedent Rocky Romer.

9.      Plaintiff LOUETTA BRAGA is and was, at all rimes relevant hereto, a resident of the County of San Bernardino, and was the natural mother of decedent Rocky Romer.

### B. Defendants

10.     Defendant COUNTY OF SAN BERNARDINO (hereinafter also "COUNTY") owns, operates, manages, directs and controls Defendant SAN

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also "SBCSD"

2  or "Sheriff's Department"), also a separate public entity, which employs other Doe

3  Defendants in this action. At all times relevant to the facts alleged herein, Defendant

4  COUNTY was responsible for assuring that the actions, omissions, policies,

5  procedures, practices and customs of its employees, including SBCSD employees,

6  complied with the laws and the Constitutions of the United States and of the State of

7  California.

8      11.    At all relevant times, each of the Defendants DOES 1 through 10 was

9  acting within his or her capacity as an employee, agent, representative and/or servant

10  of Defendant COUNTY, and is sued in their individual capacity.

11      12.    On information and belief, at all relevant times, DOES 1 through 10,

12  inclusive, were residents of San Bernardino County, California.

13      13.    The true names of Defendants DOES 1 through 10, inclusive, are

14  unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names.

15  Plaintiffs will seek leave to amend this Complaint to show the true names and

16  capacities of these Defendants when they have been ascertained. Each of the

17  fictitious named Defendants is responsible in some manner for the conduct and

18  liabilities alleged herein.

19      14.    Defendant DOES 6 through 10 were also duly appointed deputies,

20  sergeants, lieutenants, detectives, or other officers, officials, executives and/or

21  policymakers of the Sheriff's Department, a department and subdivision of

22  Defendant COUNTY, and at all times mentioned herein said Defendants were acting

23  in the course and scope of their employment with Defendant COUNTY, which is

24  liable under the doctrine of *respondeat superior* pursuant to California Government

25  Code § 815.2.

26      15.    Each of the Defendants caused and is responsible for the unlawful

27  conduct and resulting by, inter alia, personally participating in the conduct, or acting

28  jointly and in concert with others who did so; by authorizing, acquiescing or failing

to take action to prevent the unlawful conduct; by promulgating policies and
procedures pursuant to which the unlawful conduct occurred; by failing and refusing,
with deliberate indifference to Plaintiffs' and decedent's rights, to initiate and
maintain adequate supervision and/or training; and, by ratifying the unlawful conduct
that occurred by agents and peace officers under their direction and control.
Whenever and wherever reference is made in this Complaint to any act by a
Defendant, such allegation and reference shall also be deemed to mean the acts and
failures to act of each Defendant individually, jointly and severally. They are sued in
their individual and official capacities and in some manner are responsible for the
acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this
Complaint to allege such name and responsibility when that information is
ascertained. Each of the Defendants is the agent of the other.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set
forth herein.

17.    On April 17, 2022, Rocky Romer was pronounced dead after a full-scale
militarized assault of his vehicle by San Bernardino County Sheriff's Department
sheriff's deputies and tactical force personnel in response to a minor service call.

18.    On the morning of April 17, 2022, Mr. Romer and his girlfriend had an
argument at his girlfriend's home. Upset by this encounter with his girlfriend, Mr.
Romer left the home and entered his vehicle parked in the driveway in front of the
home.

19.    Mr. Romer's girlfriend called 911 and calmly reported the incident.
Upon information and belief, Mr. Romer's girlfriend denied any violence had
occurred that evening when questioned by the dispatcher, as none had occurred.  A
SBCSD patrol unit was dispatched to the home of Rocky's girlfriend.

///

///

SECOND AMENDED COMPLAINT FOR DAMAGES

20.    Upon information and belief, when questioned by the arriving SBCSD sheriff's deputies, Mr. Romer's girlfriend made it unequivocally clear that the incident was nonviolent.

21.    The responding SBCSD sheriff's deputies proceeded to make contact with Mr. Romer who was sitting inside his vehicle.  The SBCSD sheriff's deputies began to question Mr. Romer.  In response, and in compliance with the sheriff's deputies' requests, Mr. Romer responded to their questions while remaining in his vehicle.

22.    After an appreciable amount of time elapsed, and after Mr. Romer continued to answer the SBCSD sheriff's deputies' questions, Mr. Romer asked that the deputies leave and stop harassing him.

23.    SBCSD sheriff's deputies, including Defendant DOES 1 through 10, learned that Mr. Romer was the lawful owner of one firearm which was kept in his vehicle.

24.    In violation of Rocky Romer's Fourth Amendment Rights, and Due Process Rights afforded under the Fourteenth Amendment, Defendant DOES 1 through 10 undertook a deliberate and intentional course of conduct which resulted in Mr. Romer's death. Defendant DOES 1 through 10 wrongfully and/or negligently declared Rocky to be barricaded and undertook a siege of Mr. Romer's vehicle.

25.    Defendant DOES 1 through 10, wrongfully, negligently and maliciously summoned the San Bernardino County Sheriff's Department Special Weapons and Tactics ("SWAT") Team. These Defendants undertook a further siege of Mr. Romer's vehicle. These Defendants learned that Mr. Romer had not committed any crime for which a full-scale militarized assault of Mr. Romer's vehicle was warranted. Despite this, the SWAT Team undertook plans for such an assault and carried out such plans. These Defendants knew or should have known that the ultimate outcome of such a violent confrontation would be that Mr. Romer would be seriously injured or killed.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

26.     During the confrontation, Mr. Romer's sister approached Defendant DOES 1 through 10.  Mr. Romer's sister requested that the situation be deescalated and expressed her concerns.  Mr. Romer's sister was dismissed by Defendant DOES 1 through 10.

27.     The personnel accompanying the SBCSD SWAT Team and the sheriff's deputies, including DOE Defendants 1 through 10, numbered dozens of peace officers all of whom were surrounding Mr. Romer's vehicle.  This vast militarized police force utilized military equipment, including a military assault vehicle, concussion bombs, and chemical agents to break through the rear window of Mr. Romer's vehicle, causing damage to the vehicle and contents therein.

28.     At no time relevant hereto did Mr. Romer commit any crime, make any threats against personnel from the SBCSD, or make any statements or commit any actions which indicated that it was his intent to harm members of the tactical force units or the SBCSD or anyone else. Yet, through the concerted efforts of Defendant DOES 1 through 10, including the assisting SBCSD sheriff's deputies and their supervisors, a full-scale militarized assault ensued upon Mr. Romer's vehicle.

29.     Defendant DOES 1 through 10 knew that Mr. Romer was trapped in a confined vehicle and that he had no means of escape. They knew or should have known that there was no pressing danger or urgency which required them to enter the vehicle. They knew that Mr. Romer would eventually exit the vehicle and that they could and would take him into custody safely. They knew that all they had to do was wait. Time was not "of the essence" as there was no pending or developing risk to life. There was no reasonable need to use Oleoresin Capsicum peppery spray, tear gas, or any other chemical agent.

30.     Despite this, they formulated a plan for a tactical assault upon Mr. Romer's vehicle.

31.     Despite this, Defendant DOES 1 through 10 launched canisters of tear gas and/or other chemical agents into the confined vehicle quarters.

SECOND AMENDED COMPLAINT FOR DAMAGES

32.     They knew and intended that such tactics would cause Mr. Romer to suffer great physical and emotional pain and suffering. They knew or should have known that the effect of the concentrated tear gas, under the confined circumstances, would immobilize Mr. Romer and kill him in an agonizing and painful way as the effects of this gas cocktail took effect.

33.     They knew that these effects would include eye pain, a burning sensation in the throat and nose, increased nasal secretions, chest tightness, sneezing, coughing, retching, ocular pain, watering and blurred vision, nasal pain, irritation and sneezing, oral pain, ulceration, excessive salivation, throat irritation, burning and pain, respiratory pain, shortness of breath, chest tightness, uncontrollable coughing and wheezing, gastrointestinal pain, discomfort and retching, a loss of consciousness, and skin peeling or rash. They knew that because of the tight and closed quarters Mr. Romer sought refuge in and because of the great fear he expressed of the police, he would likely die from the effects of the gas cocktail.

34.     Defendant DOES 1 through 10 proceeded to carry out their plan to kill Mr. Romer by pumping tear gas cocktail into the close-quartered vehicle knowing that the gases would kill him or that he would kill himself as a result of the extreme pain and anguish that the gases would cause. The expected effects of the gases immediately came to fruition once they were pumped into the vehicle. Because Mr. Romer suffered great and unbearable physical and mental anguish from the gases and because he was unable to leave the vehicle which soon became a gas chamber, he took his own life with a single gunshot to his head.  The San Bernardino County Sheriff's Department's end goal was unfortunately achieved.

35.     Rocky Romer was a loving son, brother and uncle.  Rocky's father and mother, the present Plaintiffs, enjoyed a strong and meaningful relationship with Rocky that was full of love.

///

///

# FIRST CLAIM FOR RELIEF

## Fourth Amendment Violation – Unreasonable Search and Seizure

## (42 U.S.C. § 1983)

## By Plaintiff ESTATE OF ROCKY ROMER

## As Against DOE Defendants 1 through 10

36.     Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

37.     Defendants' actions described herein violated Rocky Romer's rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Rocky Romer to unreasonable searches and seizures of his person and vehicle.

38.     At the time of Rocky Romer's death, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendants DOES 1 through 10 or anyone else. The full-scale militarized assault of the Romer vehicle, including the unauthorized, unwarranted and reckless entry into the Romer vehicle, the deployment of concussion bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge, recklessly created an unconstitutional provocation leading to the death of Rocky Romer.  Such conduct was unreasonable under the circumstances in every respect and was undertaken intentionally and recklessly by these Defendants.

39.     These actions violated Rocky Romer's right to be free from unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution.

40.     During the deployment of the concussion bombs and the numerous rounds of OC and CS gas into the confined vehicle quarters, Rocky Romer endured great physical and emotional pain and suffering.

SECOND AMENDED COMPLAINT FOR DAMAGES

41.    The actions of said defendants also caused meaningful and significant damage to Rocky Romer's vehicle, furnishings and other possessions contained therein.

42.    Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

///

43.    The unauthorized, unwarranted and reckless entry into Rocky Romer's vehicle, the deployment of concussion bombs and numerous rounds of toxic gases, and the prolonged full-scale militarized assault of the Romer vehicle was willful and done with a deliberate disregard for the rights and safety of Rocky Romer, and therefore warrants the imposition of punitive damages as to Defendants DOES 1 through 10.

44.    As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs herein, sustained injuries and damages.

45.    The conduct of Defendants DOES 1 through 10 entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants COUNTY and SBCSD.

46.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## SECOND CLAIM FOR RELIEF

**Fourteenth Amendment Violation – Substantive Due Process**

**(42 USC § 1983)**

**By Plaintiff ESTATE OF ROCKY ROMER**

**As Against DOE Defendants 1 through 10**

47.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

48.     The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law. . ." U.S. Const., Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to prevent government "from abusing [its] power, or employing it as an instrument of oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196, 109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

49.     Under the Fourteenth Amendment's substantive due process prong, courts use the "shocks the conscience" test to determine if a violation has occurred. *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id*. at 848 n. 8. Government officials may not engage in wrongful conduct causing a person to suffer a mental condition in which the person cannot control his/her suicidal impulses. *Soto v. City of Sacramento*, 567 F. Supp. 662, 694 (E.D. Cal. 1983).

50.     Defendants' actions described herein violated Rocky Romer's rights under the Fourteenth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by depriving Rocky Romer of bodily integrity when Defendants DOES 1 through 10's engaged in willful and wrongful conduct causing Rocky Romer to suffer an uncontrollable impulse to kill himself.

51.     At the time of Rocky Romer's death, he was not engaging in, nor had he engaged in, any assaultive or threatening conduct. Under the totality of the relevant circumstances that existed, he posed no danger or threat to Defendants DOES 1 through 10 or anyone else. The full-scale militarized assault of the Romer vehicle, including the unauthorized, unwarranted and reckless entry into the Romer vehicle, the deployment of concussion bombs and the pumping of numerous rounds of CS and OC chemical agents into the confined vehicle quarters where Rocky Romer sought refuge, recklessly created an unconstitutional provocation leading to the death

SECOND AMENDED COMPLAINT FOR DAMAGES

1  of Rocky Romer.  Such conduct was unreasonable under the circumstances in every
2  respect and was undertaken intentionally and recklessly by these Defendants.

3    52.    Defendants DOES 1 through 10's conduct clearly shocks the conscience
4  in violation of Plaintiff's Fourteenth Amendment rights.

5    53.    As a direct and proximate result of Defendants' acts and/or omissions as
6  set forth above, Plaintiffs herein, sustained injuries and damages.

7    54.    The conduct of Defendants DOES 1 through 10 entitles Plaintiff to
8  punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by
9  law. Plaintiff does not seek punitive damages against Defendants COUNTY and
10  SBCSD.

11    55.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42
12  U.S.C. § 1988, and other applicable United States and California codes and laws.

13  ### THIRD CLAIM FOR RELIEF

14  **Fourteenth Amendment Violation – Deprivation of the Right to Familial**
15  **Relationship with Decedent**
16  **(42 U.S.C. § 1983)**
17  **By Plaintiffs ROGER ROMER AND LOUETTA BRAGA**
18  **As Against DOE Defendants 1 through 10**

19    56.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set
20  forth herein.

21    57.    The aforementioned acts and/or omissions of Defendants DOES 1
22  through 10 in depriving Rocky Romer's bodily integrity as protected under the
23  Fourteenth Amendment by engaging in willful and unconstitutional conduct causing
24  Rocky Romer to suffer an uncontrollable impulse to kill himself, violating Rocky
25  Romer's constitutional rights, and their failure to train, supervise, and/or take other
26  appropriate measures to prevent the acts and/or omissions that caused the untimely
27  and wrongful death of Rocky Romer deprived Plaintiffs ROGER ROMER and
28  LOUETTA BRAGA of their liberty interests in the parent-child relationship in

**SECOND AMENDED COMPLAINT FOR DAMAGES**

violation of their substantive due process rights as defined by the Fourteenth Amendments of the Constitution.

58.     All of the acts of Defendants DOES 1 through 10 and the persons involved were done under color of state law.

59.     The acts and omissions of each Defendant deprived Plaintiffs ROGER ROMER and LOUETTA BRAGA of rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to the Fourteenth Amendment by, among other things, depriving Plaintiffs of their rights to a parent-child relationship with decedent Rocky Romer without due process of law.

60.     As a direct and proximate result of Defendants' conduct, the civil rights of decedent Rocky Romer, as protected by the Fourteenth Amendment of the United States Constitution were violated.  Further, decedent Rocky Romer experienced physical pain, severe emotional distress, and mental anguish, as well as loss of his life and other damages alleged herein.

61.     Defendants subjected Decedent to their wrongful conduct, depriving decedent Rocky Romer of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of decedent Rocky Romer and others would be violated by their acts and/or omissions.

62.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages.

63.     The conduct of Defendants entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiffs do not seek punitive damages against Defendants COUNTY.

64.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

///

**SECOND AMENDED COMPLAINT FOR DAMAGES**

# FOURTH CLAIM FOR RELIEF

## Municipal Liability for Inadequate Training

### (*Monell*, 42 U.S.C. § 1983)

**By Plaintiff ESTATE OF ROCKY ROMER As Against Defendants COUNTY OF SAN BERNARDINO and SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**

65.    Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

66.    Based on information and belief, on and before April 17, 2022 and prior to the death of Rocky Romer resulting from the SBCSD's full-scale militarized assault of his vehicle, Defendant COUNTY OF SAN BERNARDINO and DOES 1 through 10 were aware that the involved sheriff's deputies, including the members of SWAT Team, had not received proper and necessary training in responding to minor service calls pertaining to domestic disputes and effectively dealing with individuals who are in a crisis, including safely defusing anxious and hostile behavior; deciphering when behavior escalates; reinforcing preventative techniques and practicing the principles of non-harmful physical intervention.

67.    Defendants COUNTY OF SAN BERNARDINO, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT and DOES 1 through 10, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs and decedent, and of persons in their class, situation and comparable position, knowingly allowed the SBCSD sheriff's deputies and responding SWAT units to respond to minor service calls in the COUNTY OF SAN BERNARDINO without proper training in the handling of such calls. The Defendants knew that such untrained deputies would escalate minor services calls by creating violent confrontations leading to injury or death.

68.    By reason of the aforementioned acts and omissions, Rocky Romer lost his life.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

69.    Therefore, despite the resounding need for improved or further training, both in general and with respect to Defendants DOES 1 through 10, inclusive, Defendants COUNTY and SBCSD have allowed, if not encouraged, a culture of deliberate indifference to the rights and wellbeing of the public to develop within their respective work forces, thereby substantially causing the present Plaintiff, and countless others like decedent Rocky Romer, to suffer extensive and irreversible violations of their civil rights, including but not limited to the freedom from unreasonable search and freedom to be free from unconscionable governmental action.

70.    Clearly, Defendants COUNTY and SBCSD have shown a conscience-shocking level of deliberate indifference to the manifest, systemic consequences of the referenced training failures and other departmental shortcomings. These training failures directly produced the incompetence and impropriety of Defendants DOES 1 through 10, inclusive, by which the present Plaintiff's civil rights were violated.

71.    Accordingly, the training failures of the Defendants COUNTY and SBCSD are so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it. Therefore, the Defendants COUNTY and SBCSD must be regarded as similarly liable for all claims raised herein against its employees, agents, or representatives under 42 U.S.C. § 1983.

72.    As a direct and proximate result of Defendants COUNTY and SBCSD acts and/or omissions as set forth above, Rocky Romer lost his life.

73.    Accordingly, Defendants COUNTY and SBCSD's failure to train its employees is so inextricably connected to the unconstitutional conduct that Plaintiff has endured as to be a substantial moving force behind it.

74.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

///

///

**SECOND AMENDED COMPLAINT FOR DAMAGES**

# **PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully requests that the Court enter a judgment as follows:

A.   Wrongful death of Rocky Romer, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

B.   Loss of support and familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support, pursuant to Cal. Code of Civ. Proc. § 377.60 et. seq.;

C.   Rocky Romer's coroner's fees, funeral and burial expenses, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq.;

D.   Violation of Rocky Romer's constitutional rights, pursuant to Cal. Code of Civ. Proc. § 377.20 et. seq. and federal civil rights law;

E.   Rocky Romer's loss of life, pursuant to federal civil rights law;

F.   Rocky Romer's conscious pain, suffering, and disfigurement, pursuant to federal civil rights law;

G.   General Damages, including wrongful death and survival damages, in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

H.   Non-Economic Damages, including wrongful death and survival damages, according to proof plus all further and proper relief;

I.   Punitive damages as to individual peace officer defendants;

J.   Attorney's fees pursuant to State Law (Cal. Code Civ. Proc. § 1021.5 & private attorney general doctrine);

K.   A multiplier of damages, including treble damages, and penalties under the Tom Bane Act;

L.   Interest; and

///

///

16

**SECOND AMENDED COMPLAINT FOR DAMAGES**

M.    All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 et seq., 377.60 et seq., and 1021.5; California Civil Code §§ 52 et seq., 52.1; and as otherwise may be allowed by California and/or federal law.

Dated: December 3, 2024    **GASTÉLUM LAW, APC**

By: _____

Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER, and LOUETTA BRAGA

Dated: December 3, 2024    **LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By: _____

Christian Contreras, Esq.
Attorneys for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER, and LOUETTA BRAGA

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1

## **DEMAND FOR JURY TRIAL**

2       COME NOW Plaintiffs ESTATE OF ROCKY ROMER, by and through

3 successors in interest; ROGER ROMER, individually and as successor in interest;

4 LOUETTA BRAGA, individually and as successor in interest, and hereby demand

5 for a trial by jury.

6

7 Dated: December 3, 2024    **GASTÉLUM LAW, APC**

8                   By: _Denisse O. Gastélum_

9

10                Denisse O. Gastélum, Esq.
Attorneys for Plaintiffs,

11                ESTATE OF ROCKY ROMER, ROGER ROMER, and LOUETTA BRAGA

12

13 Dated: December 3, 2024    **LAW OFFICES OF CHRISTIAN CONTRERAS**
                   **A PROFESSIONAL LAW CORPORATION**

14

15                 By: _Christian Contreras_

16                Christian Contreras, Esq.

17                Attorneys for Plaintiffs,
ESTATE OF ROCKY ROMER, ROGER ROMER,

18                and LOUETTA BRAGA

19

20

21

22

23

24

25

26

27

28

**SECOND AMENDED COMPLAINT FOR DAMAGES**